ALAN H. BLANKENHEIMER (Bar No. 218713)
alan.blankenheimer@hellerehrman.com
LAURA E. UNDERWOOD-MUSCHAMP (Bar No. 228717)
laura.muschamp@hellerehrman.com
JO DALE CAROTHERS (Bar No. 228703)
jodale.carothers@hellerehrman.com
CHRISTOPHER K. EPPICH (Bar No. 228025)
christopher.eppich@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Telephone: +1 (858) 450-8400
Facsimile: +1 (858) 450-8499

Attorneys for Plaintiff and Counterdefendant
MAXIM INTEGRATED PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FREESCALE SEMICONDUCTOR, INC., <br><br> Defendant. | Case No. CV 08-00979-MHP <br><br> **PLAINTIFF MAXIM INTEGRATED PRODUCTS, INC.'S REPLY TO DEFENDANT FREESCALE SEMICONDUCTOR, INC.'S COUNTERCLAIMS** |
| FREESCALE SEMICONDUCTOR, INC., <br><br> Counterclaimant, <br><br> v. <br><br> MAXIM INTEGRATED PRODUCTS, INC., <br><br> Counterdefendant. | |

Plaintiff and Counterdefendant Maxim Integrated Products, Inc. ("Maxim") hereby replies to the Claims set forth in Defendant and Counterclaimant Freescale Semiconductor, Inc.'s ("Freescale") Counterclaims and Demand for Jury Trial as follows:

## PARTIES

1.   Maxim admits the allegations of paragraph 30 of Freescale's Counterclaims.

2.   Maxim is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of Freescale's Counterclaims, and on that basis, denies them.

## JURISDICTION AND VENUE

3.   Maxim admits the allegations of paragraph 32 of Freescale's Counterclaims.

4.   Maxim admits the allegations of paragraph 33 of Freescale's Counterclaims.

5.   Maxim admits that it manufactures and sells various semiconductor devices or integrated circuits in California and the Northern District of California, and except as expressly admitted, Maxim denies the allegations of paragraph 34 of Freescale's Counterclaims.

6.   Maxim admits the allegations of paragraph 35 of Freescale's Counterclaims.

## GENERAL ALLEGATIONS

7.   Maxim admits that U.S. Patent No. 5,089,722 ("the '722 patent"), attached as Exhibit A, bears the title "High speed output buffer circuit with overlap current control" and an issue date of February 18, 1992.  Except as expressly admitted, Maxim denies the allegations of paragraph 36 of Freescale's Counterclaims.

8.   Maxim admits that U.S. Patent No. 5,105,250 ("the '250 patent"), attached as Exhibit B, bears the title "Heterojunction bipolar transistor with a thin silicon emitter" and an issue date of April 14, 1992.  Except as expressly admitted, Maxim denies the allegations of paragraph 37 of Freescale's Counterclaims.

9.   Maxim admits that U.S. Patent No. 5,172,214 ("the '214 patent"), attached as Exhibit C, bears the title "Leadless semiconductor device and method for making the same"

and an issue date of December 15, 1992.  Except as expressly admitted, Maxim denies the allegations of paragraph 38 of Freescale's Counterclaims.

10. Maxim admits that U.S. Patent No. 5,200,362 ("the '362 patent"), attached as Exhibit D, bears the title "Method of attaching conductive traces to an encapsulated semiconductor die using a removable transfer film" and an issue date of April 6, 1993. Except as expressly admitted, Maxim denies the allegations of paragraph 39 of Freescale's Counterclaims.

11. Maxim admits that U.S. Patent No. 5,434,739 ("the '739 patent"), attached as Exhibit E, bears the title "Reverse battery protection circuit" and an issue date of July 18, 1995.  Except as expressly admitted, Maxim denies the allegations of paragraph 40 of Freescale's Counterclaims.

12. Maxim admits that U.S. Patent No. 5,776,798 ("the '798 patent"), attached as Exhibit F, bears the title "Semiconductor package and method thereof" and an issue date of July 7, 1998.  Except as expressly admitted, Maxim denies the allegations of paragraph 41 of Freescale's Counterclaims.

13. Maxim admits that Freescale purports to allege that Maxim infringes U.S. Patent Nos. 5,089,722; 5,105,250; 5,172,214; 5,200,362; 5,434,739; and 5,776,798 (collectively "the Counterclaim Freescale Patents").  Except as expressly admitted, Maxim denies the allegations of paragraph 42 of Freescale's Counterclaims.

## FIRST CLAIM FOR RELIEF

### Infringement of the '722 Patent

14. Except as expressly admitted, Maxim denies the allegations of Paragraphs 30 to 42 of Freescale's Counterclaims.

15. Maxim admits that Freescale purports to allege that Maxim infringes, contributes to the infringement of, and/or induces infringement of the '722 patent.  Except as expressly admitted, Maxim denies the allegations of paragraph 44 of Freescale's Counterclaims.

16. Maxim admits that Freescale provided a book of patent claim charts to

1  Maxim, including charts on the '722 patent.  Except as expressly admitted, Maxim denies
2  the allegations of paragraph 45 of Freescale's Counterclaims.

3      17.    Maxim admits that Freescale provided a book of patent claim charts to
4  Maxim, including charts on the '722 patent.  Except as expressly admitted, Maxim denies
5  the allegations of paragraph 46 of Freescale's Counterclaims.

6      18.    Maxim denies the allegations of paragraph 47 of Freescale's Counterclaims.

## SECOND CLAIM FOR RELIEF
### Infringement of the '250 Patent

9      19.    Except as expressly admitted, Maxim denies the allegations of Paragraphs 30
10  to 47 of Freescale's Counterclaims.

11      20.    Maxim admits that Freescale purports to allege that Maxim infringes,
12  contributes to the infringement of, and/or induces infringement of the '250 patent.  Except
13  as expressly admitted, Maxim denies the allegations of paragraph 49 of Freescale's
14  Counterclaims.

15      21.    Maxim admits that Freescale provided a book of patent claim charts to
16  Maxim, including charts on the '250 patent.  Except as expressly admitted, Maxim denies
17  the allegations of paragraph 50 of Freescale's Counterclaims.

18      22.    Maxim admits that Freescale provided a book of patent claim charts to
19  Maxim, including charts on the '250 patent.  Except as expressly admitted, Maxim denies
20  the allegations of paragraph 51 of Freescale's Counterclaims.

21      23.    Maxim denies the allegations of paragraph 52 of Freescale's Counterclaims.

## THIRD CLAIM FOR RELIEF
### Infringement of the '214 Patent

24      24.    Except as expressly admitted, Maxim denies the allegations of Paragraphs 30
25  to 52 of Freescale's Counterclaims.

26      25.    Maxim admits that Freescale purports to allege that Maxim infringes,
27  contributes to the infringement of, and/or induces infringement of the '214 patent.  Except
28  as expressly admitted, Maxim denies the allegations of paragraph 54 of Freescale's

1  Counterclaims.

2  26.  Maxim admits that Freescale provided patent claim charts to Maxim, including charts on the '214 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 55 of Freescale's Counterclaims.

27.  Maxim admits that Freescale provided patent claim charts to Maxim, including charts on the '214 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 56 of Freescale's Counterclaims.

28.  Maxim denies the allegations of paragraph 57 of Freescale's Counterclaims.

### FOURTH CLAIM FOR RELIEF
### Infringement of the '362 Patent

29.  Except as expressly admitted, Maxim denies the allegations of Paragraphs 30 to 57 of Freescale's Counterclaims.

30.  Maxim admits that Freescale purports to allege that Maxim infringes, contributes to the infringement of, and/or induces infringement of the '362 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 59 of Freescale's Counterclaims.

31.  Maxim admits that Freescale provided patent claim charts to Maxim, including charts on the '362 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 60 of Freescale's Counterclaims.

32.  Maxim admits that Freescale provided patent claim charts to Maxim, including charts on the '362 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 61 of Freescale's Counterclaims.

33.  Maxim denies the allegations of paragraph 62 of Freescale's Counterclaims.

### FIFTH CLAIM FOR RELIEF
### Infringement of the '739 Patent

34.  Except as expressly admitted, Maxim denies the allegations of Paragraphs 30 to 62 of Freescale's Counterclaims.

35.  Maxim admits that Freescale purports to allege that Maxim infringes,

contributes to the infringement of, and/or induces infringement of the '739 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 64 of Freescale's Counterclaims.

36. Maxim admits that Freescale provided a book of patent claim charts to Maxim, including charts on the '739 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 65 of Freescale's Counterclaims.

37. Maxim admits that Freescale provided a book of patent claim charts to Maxim, including the '739 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 66 of Freescale's Counterclaims.

38. Maxim denies the allegations of paragraph 67 of Freescale's Counterclaims.

## SIXTH CLAIM FOR RELIEF
### Infringement of the '798 Patent

39. Except as expressly admitted, Maxim denies the allegations of Paragraphs 30 to 67 of Freescale's Counterclaims.

40. Maxim admits that Freescale purports to allege that Maxim infringes, contributes to the infringement of, and/or induces infringement of the '798 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 69 of Freescale's Counterclaims.

41. Maxim admits that Freescale provided a book of patent claim charts to Maxim, including the '798 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 70 of Freescale's Counterclaims.

42. Maxim admits that Freescale provided a book of patent claim charts to Maxim, including the '798 patent. Except as expressly admitted, Maxim denies the allegations of paragraph 71 of Freescale's Counterclaims.

43. Maxim denies the allegations of paragraph 72 of Freescale's Counterclaims.

## AFFIRMATIVE DEFENSES

44. By alleging the matters set forth below as affirmative defenses, Maxim does not thereby allege or admit that Maxim has the burden of proof with respect to any of said matters.

## FIRST AFFIRMATIVE DEFENSE

### Non-Infringement and/or Invalidity of the '722 Patent

45. Maxim's accused products and/or processes have not and do not infringe, contribute to the infringement of, and/or induce the infringement of any asserted claim of the '722 patent and/or each asserted claim of the '722 patent is invalid for failure to meet one or more of the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## SECOND AFFIRMATIVE DEFENSE

### Non-Infringement and/or Invalidity of the '250 Patent

46. Maxim's accused products and/or processes have not and do not infringe, contribute to the infringement of, and/or induce the infringement of any asserted claim of the '250 patent and/or each asserted claim of the '250 patent is invalid for failure to meet one or more of the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### Non-Infringement and/or Invalidity of the '214 Patent

47. Maxim's accused products and/or processes have not and do not infringe, contribute to the infringement of, and/or induce the infringement of any asserted claim of the '214 patent and/or each asserted claim of the '214 patent is invalid for failure to meet one or more of the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

### Non-Infringement and/or Invalidity of the '362 Patent

48. Maxim's accused products and/or processes have not and do not infringe, contribute to the infringement of, and/or induce the infringement of any asserted claim of the '362 patent and/or each asserted claim of the '362 patent is invalid for failure to meet one or more of the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

### Non-Infringement and/or Invalidity of the '739 Patent

49. Maxim's accused products and/or processes have not and do not infringe, contribute to the infringement of, and/or induce the infringement of any asserted claim of the '739 patent and/or each asserted claim of the '739 patent is invalid for failure to meet one or more of the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## SIXTH AFFIRMATIVE DEFENSE

### Non-Infringement and/or Invalidity of the '798 Patent

50. Maxim's accused products and/or processes have not and do not infringe, contribute to the infringement of, and/or induce the infringement of any asserted claim of the '798 patent and/or each asserted claim of the '798 patent is invalid for failure to meet one or more of the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## SEVENTH AFFIRMATIVE DEFENSE

### Estoppel

51. Freescale's Counterclaims and each and every purported cause of action therein, in whole or in part, are barred by the equitable doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### Laches

52. Freescale's Counterclaims and each and every purported cause of action therein, in whole or in part, are subject to the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### Statute of Limitations

53. The statements and conduct of Maxim alleged to give rise to Freescale's Counterclaims and each and every purported cause of action therein, in whole or in part, are subject to the applicable six-year statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

### Mitigation

54. Freescale had a duty to mitigate its alleged damages and failed to do so. Its damages are therefore either barred or reduced.

## ELEVENTH AFFIRMATIVE DEFENSE

### Failure to Mark

55. On information and belief, Freescale's claims of damages are barred, in whole or in part, due to its failure to mark under 35 U.S.C. § 287.

## TWELFTH AFFIRMATIVE DEFENSE

### Limitation on Damages

56. On information and belief, Freescale's claims of damages are limited, in whole or in part, under 35 U.S.C. § 286.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Other Defenses

57. Maxim intends to rely on any other defenses that may be available by law, or pursuant to statute, of which Maxim becomes aware as a result of discovery or otherwise

during the course of this matter, and hereby reserves the right to amend this Reply to assert such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Maxim prays for judgment as follows:

(a) For judgment that Freescale's Counterclaims be dismissed with prejudice and Freescale's requests for relief be denied in their entirety;

(b) For the Court to grant to Maxim the relief requested in Maxim's Declaratory Judgment Complaint;

(c) For the Court to declare this to be an exceptional case under 35 U.S.C. § 285 and to award Maxim its attorneys' fees incurred in connection with Freescale's Counterclaims;

(d) For an award to Maxim of all costs and expenses of this action; and

(e) For such additional relief as this Court may deem just and proper.

May 20, 2008                    Respectfully submitted,


                                HELLER EHRMAN LLP


                                By s/Christopher K. Eppich

                                ALAN H. BLANKENHEIMER
                                LAURA E. UNDERWOOD-MUSCHAMP
                                JO DALE CAROTHERS
                                CHRISTOPHER K. EPPICH

                                Attorneys for Plaintiff and Counterdefendant
                                MAXIM INTEGRATED PRODUCTS, INC.

<u>Certificate of Service</u>

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 20th day of May 2008, with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail on this same date.

| | |
|---|---|
| Douglas A. Cawley<br>McKool Smith PC<br>300 Crescent Court<br>Suite 1200<br>Dallas, TX 75201<br>214-978-4000<br>Fax: 214-978-4044<br>Email: dcawley@mckoolsmith.com | Robert M. Manley<br>McKool Smith, P.C.<br>300 Crescent Court<br>Suite 1200<br>Dallas, TX 75201<br>214-978-4000<br>Fax: 214-978-4044<br>Email: rmanley@mckoolsmith.com |

Charles M. Kagay
Spiegel Liao & Kagay, LLP
388 Market Street
Suite 900
San Francisco, CA 94111
415-956-5959
Fax: 415-362-1431
Email: cmk@slksf.com

By  s/Christopher K. Eppich

ALAN H. BLANKENHEIMER
LAURA E. UNDERWOOD-MUSCHAMP
JO DALE CAROTHERS
CHRISTOPHER K. EPPICH

Attorneys for Plaintiff and Counterdefendant
MAXIM INTEGRATED PRODUCTS, INC.