ALAN H. BLANKENHEIMER (Bar No. 218713)
alan.blankenheimer@hellerehrman.com
LAURA E. UNDERWOOD-MUSCHAMP (Bar No. 228717)
laura.muschamp@hellerehrman.com
JO DALE CAROTHERS (Bar No. 228703)
jodale.carothers@hellerehrman.com
CHRISTOPHER K. EPPICH (Bar No. 228025)
christopher.eppich@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92122-1246
Telephone: +1 (858) 450-8400
Facsimile: +1 (858) 450-8499

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

CHARLES M. KAGAY (Bar No. 73377)
cmk@slksf.com
SPEIGEL LIAO & KAGAY, LLP
388 Market Street, Suite 900
San Francisco, CA 94111
Telephone: + 1 (415) 956-5959
Facsimile: +1 (415) 362-1431

Attorneys for Defendant
FREESCALE SEMICONDUCTOR, INC.

*(Additional Counsel for Defendants Listed
On Signature Page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC., <br>     Plaintiff, <br><br> v. <br><br> FREESCALE SEMICONDUCTOR, INC., <br>     Defendant. <br><br> AND RELATED CROSS-ACTIONS. | Case No.: C 08-00979-MHP <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Pursuant to the Court's Local Rules, Maxim Integrated Products, Inc. ("Maxim") and Freescale Semiconductor, Inc. ("Freescale"), jointly submit this Case Management Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case have met and conferred for the preparation of this Statement, as required by Civil L.R. 16-3.

## I. CIVIL LOCAL RULES

### A. PRELIMINARY STATEMENT RE SETTLEMENT AND ADR

The parties agree that the use of a non-binding ADR process would enhance the prospects of settlement. Prior to the commencement of this lawsuit, the parties engaged in good faith negotiations, and the parties believe that further efforts at settlement are warranted.

The parties propose to commence a mediation within a reasonable time after the CMC. The parties agree that a decision-maker with authority to enter into a settlement for each party will be present at the mediation.

The parties also agree that, at the present time, there are no key discovery motions necessary to position the parties to negotiate resolution.

The parties have complied with the provisions of ADR L.R. 3-5, and will submit the materials required under that rule.

### B. JURISDICTION AND SERVICE

The parties make the following statements with respect to jurisdiction, venue and service:

1. The Court has subject-matter jurisdiction over Maxim's complaint for declaratory judgment that Maxim's products do not infringe any valid claim and over Freescale's counterclaims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. The Court has personal jurisdiction consistent with the requirements of the California Code of Civil Procedure § 410.10 and the Due Process Clause of the United States Constitution pursuant to Fed. R. Civ. P. 4(k) establishing

personal jurisdiction upon service of a Summons, and the executed Stipulation of Service accepting Service.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

4. Freescale was served on February 18, 2008. *Id.*

C. **FACTS**

Freescale contends it is the owner by assignment of the following U.S. Patents ("Freescale Patents-in-suit"):

1. U.S. Patent No. 5,089,722 ("the '722 patent") entitled "High speed output buffer circuit with overlap current control";

2. U.S. Patent No. 5,105,250 ("the '250 patent") entitled "Heterojunction bipolar transistor with a thin silicon emitter";

3. U.S. Patent No. 5,172,214 ("the '214 patent") entitled "Leadless semiconductor device and method for making the same";

4. U.S. Patent No. 5,200,362 ("the '362 patent") entitled "Method of attaching conductive traces to an encapsulated semiconductor die using a removable transfer film";

5. U.S. Patent No. 5,434,739 ("the '739 patent") entitled "Reverse battery protection circuit";

6. U.S. Patent No. 5,476,816 ("the '816 patent") entitled "Process for etching an insulating layer after a metal etching step"; and

7. U.S. Patent No. 5,776,798 ("the '798 patent") entitled "Semiconductor package and method thereof."

On April 30, Maxim filed its First Amended Complaint for Declaratory Judgment against Freescale. In the First Amended Complaint, Maxim alleges that it has not infringed, directly or indirectly, any valid claim of the Freescale Patents-in-suit.

On May 2, 2008, Freescale filed its Answer and Counterclaim in response to the First Amended Complaint. In its Answer and Counterclaim, Freescale denied Maxim's assertion

that it does not infringe the Freescale Patents-in-suit and that the claims are invalid. Freescale filed a counterclaim that Maxim infringes, directly and indirectly, Freescale's '722, '250, '214, '362, '739 and '798 Patents. Freescale has not asserted a counterclaim that Maxim infringes the '816 Patent and plans, through prompt discovery in this action, to confirm its belief that Maxim infringes the '816 Patent and add a counterclaim of infringement as to the '816 Patent if appropriate. Maxim filed its Reply to Freescale's Counterclaims on May 20, 2008.

The principal factual issues the parties dispute include:

    a.    Whether any product or process made, imported, used, offered for sale and/or sold by Maxim infringes any of the Freescale Patents-in-suit;

    b.    Whether Maxim's alleged infringement was willful;

    c.    Whether the claims of the Freescale Patents-in-suit are anticipated; and

    d.    The measure of damages for Maxim's alleged infringement.

**D.  LEGAL ISSUES**

1. The proper construction of the asserted claims in the Freescale Patents-in-suit;
2. Whether claims of the Freescale Patents-in-suit are invalid under 35 U.S.C. § 101, 103 and/or § 112; and
3. Whether Maxim has legal or equitable defenses to Freescale's claims of patent infringement.

**E.  MOTIONS**

At this time there are no motions pending or anticipated.

**F.  AMENDMENT OF PLEADINGS**

At this time the parties do not expect to add or dismiss parties, claims or defenses. The parties propose February 28, 2009 as the last day to amend the pleadings, including the possible assertion of an infringement counterclaim by Freescale under the '816 Patent.

**G.  EVIDENCE PRESERVATION**

Maxim has commenced evidence preservation measures with respect to all documents relevant to issues in this action. Maxim has issued "hold notices" to those

4

individuals reasonably believed to have in their possession relevant documents, electronically-recorded or otherwise, and has also interviewed numerous such individuals.

Freescale has commenced evidence preservation measures with respect to all documents relevant to issues in this action. Freescale has issued "hold notices" to those individuals reasonably believed to have in their possession relevant documents, electronically-recorded or otherwise, and has also interviewed numerous such individuals.

**H.      DISCLOSURES**

The parties have agreed to serve their initial disclosures on July 11, 2008. The parties' initial disclosures will include lists of all presently known persons and documents that the parties might use to support their claims and defenses. The parties specifically reserve the right to supplement their initial disclosures as discovery in this matter continues.

**I.      DISCOVERY**

1.      Discovery taken to date

Maxim has served Freescale with Plaintiffs' First Set of Interrogatories to Defendants, and Plaintiffs' First Set of Requests for Production of Documents to Defendants.

Freescale has served Maxim with a First Set of Interrogatories, a First Set of Requests for Production of Documents, and a First 30(b)(6) Notice to Maxim.

2.      Discovery plan

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f), and propose the following discovery plan:

    a.      The parties agreed to modify the date for initial disclosure statements and to serve statements on July 11, 2008. The parties do not presently see the need to alter the form or requirement for disclosures under Rule 26(a).

    b.      Disclosures and discovery responses will be supplemented in accordance with Fed. R. Civ. P. 26(e), unless the parties agree otherwise.

    c.      The parties anticipate discovery on the subjects of infringement, damages, willfulness, claim construction, validity, enforceability, and

ownership.  The parties agree that fact discovery, expert discovery, and claim construction discovery should end on the dates established in Sections I(Q) and II(A), below.

The parties further agree that expert discovery should be limited, and agree to exclude the following three categories of documents and things from expert discovery:  (1) drafts of expert reports and expert declarations; (2) written communications between a testifying expert witness and the parties' attorneys prior to and in connection with preparation of expert reports and expert declarations; (3) drafts of exhibits prepared by or in participation with experts; and (4) documents and/or things reviewed by a testifying expert witness but not relied upon by the witness to draft his or her expert report.

d.    The parties discussed electronic discovery during the meet and confer.  Both parties maintain and have taken steps to preserve electronically stored information ("ESI") that is believed to be reasonably related to the issues in this action.  The parties will assess on an ongoing basis the extent to which production in tiff, pdf, native, or other format should be accomplished to serve the legitimate litigation and financial interests of the parties.  The parties agree to negotiate a protocol to effectuate the production of ESI.  The parties have agreed to postpone discovery of email.  The parties will meet and confer no later than October 1, 2008 to discuss limitations to be placed on email discovery.

If a document originally existed in a larger format and/or paper size, the document will be produced in the original, larger size (for example, all drawings and schematics will be produced in their original, larger size if available).  The parties will make a reasonable effort to identify any such document and disclose that information to the other party at the time the document is produced.

e.    The parties are discussing provisions and procedures relating to claims

of privilege and immunity, as will be set forth in the parties' Joint Stipulated Protective Order to be submitted for the Court's consideration by May 30, 2008.

Privileged and/or work product documents that were created as part of Maxim's or Freescale's pre-filing investigation do not need to be logged. Privileged and/or work product documents created by either party after the filing of the complaint also do not need to be logged.

f. The parties have agreed to the following modifications to the limitations on discovery imposed under the Federal and Local Rules, and propose the following additional limitations:

(1  The parties have agreed to serve interrogatories, document requests, deposition notices, requests for admission, and the responses thereto, on each other via email (hard copies to follow by mail, if requested). The parties further agree that service of a complete copy of these documents via email by 5:00 p.m. Pacific Time shall count as same-day service.

(2  Party depositions: each side shall be limited to 180 hours total time on the record for all fact depositions in the case, including depositions noticed under Fed. R. Civ. P. 30(b)(6) and including depositions of third parties, regardless of how many depositions are noticed. The parties agree that depositions taken for the sole purpose of authenticating documents will not count towards the 180 hour limit.

Each deposition of a single witness testifying in his or her personal capacity shall be limited to seven hours, unless negotiated in advance.

The parties further agree that for depositions where a translator is necessary, every 2.0 hours of such a deposition shall count as one hour toward the agreed 180-hour total time limit and the 7-hour single

deposition time limit, in order to account for translation time.

(3    For all current and former employees or other persons testifying on behalf of a party, all depositions shall be taken in that person's state, country, or province of residence or a location to be agreed upon by the parties.

(4    Interrogatories: Maxim proposes a limit of 50 interrogatories per side.  Freescale proposes a limit of 150 interrogatories per side.

(5    Interrogatory construction: Maxim proposes that each interrogatory shall be construed as a single interrogatory unless it contains sub-parts or sub-categories.  Freescale's proposes that an interrogatory that inquires regarding one subject shall be treated as one even if it further specifies details that are sought regarding that subject inquiry.

(6    Requests for Production of Documents: Maxim proposes that the Federal Rules should apply and that no limit should be set for the number of document requests.  Freescale proposes a limit of 80 document requests.

(7    Requests for Admission: 50 with additional unlimited RFAs to prove-up documents.

(8    Translations: any party noticing the deposition of a witness who does not speak English shall bear the burden and expense of securing the services of a certified translator for the duration of the deposition. The party producing a witness who does not speak English shall promptly notify the party noticing the deposition of the need for translation services.

g.    The parties agree that the entry of a Protective Order is needed in this case.  The parties will submit a Joint Stipulated Protective Order for the Court's consideration by May 30, 2008.

The parties do not believe that any other orders by the Court under Rule 26(c) or under Rule 16(b) and (c) are necessary at this time.

**J.     CLASS ACTIONS**

This matter is not a class action.

**K.     RELATED CASES**

At the present time there are no related cases pending before another judge of this Court, or before another Court or administrative body.

**L.     RELIEF**

Maxim is seeking a declaration that it has not and does not infringe any valid claim of the Freescale Patents-in-suit. Maxim also seeks an award of its attorneys' fees and costs under 35 U.S.C. § 285.

Freescale is seeking damages based on its claim for patent infringement. Freescale also seeks to treble damages under 35 U.S.C. § 284, and an award of its attorneys' fees and costs under 35 U.S.C. § 285.

**M.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to the use of a Magistrate Judge.

**N.     OTHER REFERENCES**

The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**O.     NARROWING OF ISSUES**

The parties previously agreed to narrow the scope of the litigation to the seven Freescale Patents-in-suit. The parties are unaware at this time of any issue that can be narrowed by agreement or motion, or any way in which to expedite the presentation of evidence at trial, or any need to bifurcate issues, claims, or defenses at trial.

**P.     EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**Q.  SCHEDULING**

The parties have met and conferred about the schedule in this case and have agreed to the following proposal, with the following exceptions regarding the timing of infringement and invalidity charts for the '816 patent and scheduling of a technology tutorial:

(1)  With respect to the timing of infringement and invalidity charts regarding the '816 patent, the parties' respective positions are as follows:

Maxim's position:  Maxim filed a declaratory judgment action seeking a declaration that Maxim does not infringe any valid claim of the Freescale Patents-in-suit.  As detailed in the Amended Complaint, Freescale had provided "notice to Maxim regarding infringement" as to each of these, including the '816 patent.   Freescale filed counterclaims on six of the patents alleging infringement by Maxim and expressed its intent to file an infringement counterclaim as to the remaining patent, the '816 patent, if discovery confirms its belief that Maxim infringes the '816 patent.  The '816 patent has 21 claims.  Maxim does not know which, if any,  Freescale intends to assert.  Accordingly, Maxim believes that the parties should stay the filing of infringement and invalidity contentions until Freescale decides whether to assert an infringement counterclaim against Maxim.  In the alternative, Maxim believes that Freescale should be required to provide its infringement chart on June 26, 2008, setting forth the information on which it bases its belief that Maxim infringes the '816 patent.  Maxim would provide an invalidity chart on August 11, 2008.

Freescale's position:  Freescale has not asserted a counterclaim for infringement of the '816 Patent and does not yet know whether it can and will do so.  As such, Patent L.R. 3-5(a) specifically states that Patent L.R. 3-1 and 3-2 do not apply to Freescale with respect to the '816 Patent, and requires Maxim, as the declaratory judgment plaintiff, to serve its Patent L.R. 3-3 Preliminary Invalidity Contentions and make its Patent L.R. 3-4 document production regarding the '816 Patent on June 26, 2008.

The parties request to be heard on this issue at the case management conference.

(2    Maxim proposes scheduling a tutorial on the technologies at issue one week

10
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.: C 08-00979 MP

prior to the claim construction hearing.  Freescale leaves the issue of whether tutorials should be presented to the preference of the Court.

Except as set forth above, the parties jointly present the following proposals for the Court's consideration:

1. **Case Management Conference**                              **June 9, 2008**
    (Court Case Management Scheduling Order).

2. **Preliminary Infringement Contentions and Document Production**
                                                              **June 30, 2008**

    Freescale's position:

    Preliminary Invalidity Contentions and Document Production regarding the '816 Patent due from Maxim per Patent L.R. 3-3, 3-4, and 3-5

    (Section II(A) – One week after the date set forth by Patent L.R. 3-1 and 3-5(a))

3. **Preliminary Invalidity Contentions and Document Production**
                                                              **August 21, 2008**

    (Section II(A) – One week after the date set forth by Patent L.R. 3-3)

4. **Exchange Proposed Claim Terms**                          **September 4, 2008**

    Maxim proposes that, in advance of the parties exchange of proposed claim terms, no limit be set to the number of claim terms identified by the parties, but after such exchange, the parties negotiate in good faith to limit the number of terms in dispute Freescale proposes that the parties can identify up to 6 terms per patent for construction.

    (Patent L.R. 4-1(a) – 10 days after Preliminary Invalidity Contentions)

5. **Exchange Preliminary Claim Constructions**               **October 1, 2008**

    (Section II(A) – One week after the date set forth by Patent L.R. 4-2(a))

6. **Claim Construction & Prehearing Statement**              **October 20, 2008**

    (Patent L.R. 4-3 – 60 days after Preliminary Invalidity Contentions)

11
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.: C 08-00979 MP

7. **Claim Construction Discovery Cutoff** — **November 19, 2008**
(Patent L.R. 4-3 – 30 days after Claim Construction & Prehearing Statement)

8. **Opening Claim Construction Briefs** — **December 17, 2008**
(Section II(A) – Four weeks after Claim Construction Discovery Cutoff)

9. **Responsive Claim Construction Briefs** — **January 21, 2009**
(Section II(A) – Five weeks after Opening Claim Construction Briefs)

10. **Reply Claim Construction Briefs** — **February 4, 2009**
(Section II(A) – Two weeks after Responsive Claim Construction Briefs)

11. **Tutorial if desired by the Court** — **February 11, 2009**
(Before Claim Construction Hearing)

12. **Markman/Claim Construction Hearing** — **February 18, 2009**
(Patent L.R. 4-6 – 2 weeks after Reply Claim Construction Brief)

13. **Markman/Claim Construction Order** — **April 22, 2009**
(Hypothetical date contemplated by the parties)

14. **Final Infringement Contentions** — **July 21, 2009**
(Section II(A), infra – 90 days after Markman/Claim Construction Order)

15. **Final Invalidity Contentions** — **August 20, 2009**
(Section II(a), infra – 120 days after Markman/Claim Construction Order)

16. **Fact Discovery Cutoff** — **September 21, 2009**
(Floating date proposed by the parties – 150 days after Markman Order)

17. **Opening Expert Reports** — **October 19, 2009**
(Floating date proposed by the parties – 4 weeks after Fact discovery cutoff)

18. **Response Expert Reports** — **November 16, 2009**
(Floating date proposed by the parties – 4 weeks after Opening expert reports)

19. **Rebuttal Expert Reports** — **December 7, 2009**
(Floating date proposed by the parties – 3 weeks after Response expert reports)

| | | | |
|---|---|---|---|
| 1 | 20. | **Expert Discovery Cutoff** | **February 1, 2010** |
| 2 | | (Floating date proposed by the parties – 8 weeks after Rebuttal expert reports) | |
| 3 | 21. | **Dispositive Motion Filing Cutoff** | **March 1, 2010** |
| 4 | | (Floating date proposed by the parties – 4 weeks after expert discovery cut- | |
| 5 | | off) | |
| 6 | 22. | **Opposition Filing Cutoff** | **March 29, 2010** |
| 7 | | (Floating date proposed by the parties – 4 weeks after Dispositive Motions) | |
| 8 | 23. | **Reply Filing Cutoff** | **April 12, 2010** |
| 9 | | (Floating date proposed by the parties – 2 weeks after Opposition Briefs) | |
| 10 | 24. | **Dispositive Motion Hearings** | **April 26, 2010** |
| 11 | | (Floating date proposed by the parties – 8 weeks after Dispositive motion | |
| 12 | | cutoff) | |
| 13 | 25. | **Dispositive Motion Ruling** | **May 28, 2010** |
| 14 | | (Hypothetical date contemplated by the parties) | |
| 15 | 26. | **Pretrial Conference Statement** | **June 25, 2010** |
| 16 | | (Floating date proposed by the parties – 4 weeks after Dispositive motion | |
| 17 | | ruling) | |
| 18 | 27. | **Pretrial Conference** | **July 23, 2010** |
| 19 | | (Floating date proposed by the parties – 4 weeks after Pretrial statement) | |
| 20 | 28. | **Trial** | **August 6, 2010** |
| 21 | | (Floating date proposed by the parties – 2 weeks after Pretrial conference) | |

With regard to the proposed dates for the Tutorial (February 3, 2009) and Markman Hearing (February 10, 2009), the parties acknowledge that they have proposed dates that do not fall on the Court's regular law and motion calendar, but respectfully request that the Court specially set these matters for hearing given the time that will be needed, as this case involves seven patents.

**R.    TRIAL**

Maxim anticipates that the trial in this case, to a jury, will take approximately 20

13
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.: C 08-00979 MP

Court days.

Freescale anticipates that the trial in this case, to a jury, will take approximately 12 Court days.

S.  **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties assert that they have filed the "Certification of Interested Entities or Persons" in this matter required by Civil L.R. 3-16, and further restate that the following persons, firms, partnerships, corporations or other entities known by the parties have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

Maxim identifies the following Interested Entities and Persons:

1. ASAT Holdings Ltd. and ASAT Inc.
2. Amkor Technology, Inc.
3. UTAC Thai Ltd. (UTL) (formerly NS Electronics Bangkok (1993) Ltd.)
4. Carsem
5. STATS ChipPAK Ltd.

Freescale Holdings, L.P. is the Parent of Freescale Semiconductor Holdings, I. Ltd. which directly owns all of the outstanding common shares of Freescale Semiconductor Holdings II, Ltd., which is the direct owner of Freescale Semiconductor Holdings III, Ltd., which is the direct owner of Freescale Semiconductor Holdings IV, Ltd., which is the direct owner of Freescale Semiconductor Holdings V, Inc. ("Holdings V"). Holdings V owns, directly and as trustee, all of the outstanding common stock of Freescale Semiconductor, Inc. ("FSL, Inc.").

Freescale Holdings G.P., Ltd. is the general partner of Freescale Holdings, L.P. Freescale Holdings GP, Ltd. is owned equally by The Blackstone Group, The Carlyle Group, funds advised by Permira Advisers LLC and TPG (formerly Texas Pacific Group). The Blackstone Group is a publicly traded entity.

T.  **OTHER MATTERS**

The parties agree that filing and service through the Court's ECF system, prior to the Court ECF filing deadline for a particular day, shall constitute same-day service on that day. Filing and service through the Court's ECF system shall not entitle a party to additional time to respond as contemplated by Fed. R. Civ. P. 6(d).

## II. PATENT LOCAL RULES

### A. MODIFICATIONS TO PATENT LOCAL RULES

The parties agree that the controlling Patent Local Rules in this matter are the Patent Local Rules that were in effect on February 15, 2008.

Maxim believes that a full-day Tutorial on the technologies in issue in this matter, held shortly before the Claim Construction Hearing, would be of significant benefit to the Court. The Tutorial would be non-argumentative, off-the-record, with each side receiving three hours to present on all patents. Freescale believes that any tutorial should be combined with the Claim Construction Hearing, unless the Court desires otherwise.

The parties have agreed on the following modifications to the Patent Local Rules which are reflected in the schedule set forth in Section I(Q):

1. The date for Preliminary Infringement Contentions and Document Production shall be extended by one week.
2. The date for Preliminary Invalidity Contentions and Document Production shall be extended by one week.
3. The date to Exchange Preliminary Claim Constructions shall be extended by one week.
4. The Opening Claim Construction Brief shall be filed four weeks after the Claim Construction Discovery Cutoff. Freescale will file the opening brief on all patents upon which it has asserted a claim of infringement.
5. The Responsive Claim Construction Brief shall be filed five weeks after the Opening Claim Construction Brief.
6. The Reply Claim Construction Brief shall be filed two weeks after the Responsive Claim Construction Brief.

      7.      The parties shall have 90 days after service by the Court of its Claim Construction Ruling to serve their Final Infringement Contentions, without leave of Court.

      8.      The parties shall have 120 days after service by the Court of its Claim Construction Ruling to serve their Final Invalidity Contentions, without leave of Court.

**B.**    **<u>NO LIVE TESTIMONY AT TUTORIAL OR CLAIM CONSTRUCTION HEARING</u>**

The parties agree that no live testimony shall be presented at the Claim Construction Hearing. Should the Court order a tutorial, the parties agree that there will be no live testimony at the tutorial.

**C.**    **<u>ORDER OF PRESENTATION AT CLAIM CONSTRUCTION HEARING</u>**

Maxim proposes that as the Plaintiff it should present its arguments first at the Claim Construction Hearing. Freescale would then respond and Maxim would be provided with a brief rebuttal.

Freescale proposes that it present its arguments first at the Claim Construction Hearing on all patents it has asserted claims for infringement.

\\\

\\\

\\\

**D.     SCHEDULING CLAIM CONSTRUCTION PREHEARING CONFERENCE**

The parties do not anticipate the need for a Claim Construction Prehearing Conference at this time, but will inform the Court should issues arise that would necessitate such a hearing.

Dated this 23rd day of May, 2008.

| s/ Alan H. Blankenheimer | s/ Steven J. Pollinger (by consent) |
|---|---|
| Alan H. Blankenheimer | Steven J. Pollinger |
| Laura E. Underwood-Muschamp | spollinger@mckoolsmith.com |
| Jo Dale Carothers | Douglas A. Cawley (Admitted *Pro Hac Vice*) |
| Christopher K. Eppich | dcawley@mckoolsmith.com |
| HELLER EHRMAN LLP | Robert M. Manley (Admitted *Pro Hac Vice*) |
| Attorneys for Plaintiff | rmanley@mckoolsmith.com |
| MAXIM INTEGRATED PRODUCTS, INC. | MCKOOL SMITH PC |
| | 300 Crescent Court, Suite 1200 |
| | Dallas, TX 75201 |
| | Telephone: + 1 (214) 978-4000 |
| | Facsimile: +1 (214) 978-4044 |
| | |
| | Charles M. Kagay |
| | SPEIGEL LIAO & KAGAY, LLP |
| | |
| | Attorneys for Defendant |
| | FREESCALE SEMICONDUCTOR, INC. |

**ORDER**

Based upon the foregoing stipulation of the parties hereto, it is hereby ORDERED that information and documents produced, exchanged and otherwise disclosed in connection with this cause shall be subject to the provisions of the foregoing stipulation.

DATED this ____ day of _____, 20__.

_____
Honorable Marilyn H. Patel
United States District Judge