ALAN H. BLANKENHEIMER (Bar No. 218713)
alan.blankenheimer@hellerehrman.com
LAURA E. UNDERWOOD-MUSCHAMP (Bar No. 228717)
laura.muschamp@hellerehrman.com
JO DALE CAROTHERS (Bar No. 228703)
jodale.carothers@hellerehrman.com
CHRISTOPHER K. EPPICH (Bar No. 228025)
christopher.eppich@hellerehrman.com
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246
Telephone: +1 (858) 450-8400
Facsimile: +1 (858) 450-8499

Attorneys for Plaintiff
MAXIM INTEGRATED PRODUCTS, INC.

CHARLES M. KAGAY (Bar No. 73377)
cmk@slksf.com
SPEIGEL LIAO & KAGAY, LLP
388 Market Street, Suite 900
San Francisco, CA 94111
Telephone: + 1 (415) 956-5959
Facsimile: +1 (415) 362-1431

DOUGLAS A. CAWLEY (Admitted *Pro Hac Vice*)
dcawley@mckoolsmith.com
ROBERT M. MANLEY (Admitted *Pro Hac Vice*)
rmanley@mckoolsmith.com
MCKOOL SMITH PC
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: + 1 (214) 978-4000
Facsimile: +1 (214) 978-4044

Attorneys for Defendant
FREESCALE SEMICONDUCTOR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAXIM INTEGRATED PRODUCTS, INC.,<br>                              Plaintiff,<br><br>    v.<br><br>FREESCALE SEMICONDUCTOR, INC.,<br>                              Defendant.<br><br>AND RELATED CROSS-ACTIONS. | Case No.: C 08-00979-MHP<br><br>~~[PROPOSED]~~ STIPULATED<br>PROTECTIVE ORDER |

Heller
Ehrman LLP

IT IS HEREBY ORDERED THAT, Plaintiff Maxim Integrated Products, Inc.
("Maxim") and Defendant Freescale Semiconductor, Inc. ("Freescale") are to be bound
by the following Protective Order for the protection of confidential information,
documents, and other things produced, served or otherwise provided in this action by the
parties or by third parties:[1]

**A.    Designated Material.**

1.    Information, materials, deposition transcripts, and/or discovery responses
may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE
ATTORNEYS ONLY" under this Protective Order by any party to this action
("Designating Party") or any third party making such production or disclosure hereunder.
All such information and material and all information or material derived there from
constitutes "Designated Material."  Unless and until otherwise ordered by the Court or
agreed to in writing by the party producing or disclosing Designated Material, Designated
Material shall not be used or disclosed by the party receiving Designated Material except
as provided under the terms of this Protective Order.  (For purposes of this Protective
Order, "disclose" means to show, furnish, describe, summarize, or provide the original or
a copy of the referenced Designated Material.)  Notwithstanding the provisions contained
within this Protective Order, the parties agree to subsequently negotiate in good faith
additional protective order provisions for the protection of source code should the
production thereof become necessary.

2.    Subject to the limitations set forth in this Protective Order, a designation of
"CONFIDENTIAL" shall mean that the producing or disclosing party, whether a party to
this action or a non-party producing or disclosing voluntarily or pursuant to a subpoena or
court order in this action, considers the material or information to constitute or to contain
its trade secrets or other confidential research, development, technical, financial, or
commercial information, whether embodied in physical objects, documents, or the factual

---

[1] For purposes of the protections afforded under this Protective Order, Freescale
shall be entitled to mark Motorola, Inc. information and material in Freescale's
possession with any designation set forth under this Protective Order.

Heller
Ehrman LLP

knowledge of persons; and that has been so designated by the producing or disclosing party.

3.    A designation of "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" is reserved for "CONFIDENTIAL" information and material that constitutes proprietary or commercially sensitive competitive information of the producing or disclosing party or third party, including, without limitation, patent licenses or documents relating to patent licenses, including CONFIDENTIAL information and material obtained from a non-party pursuant to a current Nondisclosure Agreement, design documents, strategic plans, source code listing (and descriptions of their operation), object code listings (and descriptions of their operation), integrated circuit diagrams, settlement agreements or settlement communications, marketing plans and forecasts, customer lists, and any pending unpublished patent applications, domestic or foreign, the disclosure of which is likely to cause harm to the competitive position of the producing or disclosing party or third party.

**B.    Access to "CONFIDENTIAL" AND "CONFIDENTIAL—OUTSIDE ATTORNEYS ONLY" (Other than by Outside Consultants).**

1.    A receiving party can only disclose another party's or third party's "CONFIDENTIAL" material and information to:

> (a)    Persons who appear on the face of Designated Material marked "CONFIDENTIAL" as an author, addressee or recipient thereof, or persons who have been shown through testimony or other evidence to have been an author, addressee or recipient thereof;

> (b)    Two in-house counsel and one business employee (and their respective administrative staff), whose assistance is needed by Outside Counsel for the purposes of this litigation, designated in writing to the other party and who agree to be bound by the terms of this Protective Order by signing Exhibit A.

> (c)    "Outside Counsel" (which means and is defined as counsel of

record, including the partners, associates, agents and employees of counsel of record, except for agents or employees who have been retained or employed by Outside Counsel as experts or consultants) for the parties to this action to the extent reasonably necessary to render professional services in this action.  Unless otherwise expressly provided subsequently through stipulation or court order, Outside Counsel shall include only the law firms of Spiegel, Liao & Kagay, LLP and McKool Smith, P.C. on behalf of Freescale, and Heller Ehrman LLP on behalf of Maxim.

(d)    Non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case ("Outside Consultant(s)"), to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section C.

(e)    Vendors with whom Outside Counsel of record for the parties to this litigation have contracted for purely clerical functions, such as data processing vendors, copy vendors, court reporters or videographers, and graphic or design services vendors retained for the purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, who agree to be bound by the terms of this Protective Order by signing Exhibit A.

(f)    The current and/or former employees of the designating party provided that, in the case of a former employee, the document was created prior to that former employee's termination or resignation from the designating party.

(g)    Mock jurors and jury consultants who have been engaged by the parties and/or the consultants in preparation for trial.  For any jury research, an appropriate screening process must be used to assure

Heller
Ehrman LLP

4

1    that the jury consultant(s) and mock jurors chosen for any mock jury

2    presentation are not current or former officers, directors, employees

3    or consultants of any party or any direct competitors of any party.

4    Each jury consultant and/or mock juror must agree in writing to be

5    bound by this Order by signing and undertaking the form of Exhibit

6    A to this Order.

7    (h)    The Court, jury, court personnel and similar personnel.

8    2.    A receiving party can only disclose another party's or third party's

9    "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" material and information to:

10    (a)    Persons who appear on the face of Designated Material marked

11    "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" as an

12    author, addressee or recipient thereof, or persons who have been

13    shown through testimony or other evidence to have been an author,

14    addressee or recipient thereof;

15    (b)    "Outside Counsel" (which means and is defined as counsel of

16    record, including the partners, associates, agents and employees of

17    counsel of record, except for agents or employees who have been

18    retained or employed by Outside Counsel as experts or consultants)

19    for the parties to this action to the extent reasonably necessary to

20    render professional services in this action.  Unless otherwise

21    expressly provided subsequently through stipulation or court order,

22    Outside Counsel shall include only the law firms of Spiegel, Liao &

23    Kagay, LLP and McKool Smith, P.C. on behalf of Freescale, and

24    Heller Ehrman LLP on behalf of Maxim.

25    (c)    Non-party experts and consultants retained or employed by Outside

26    Counsel to assist in the preparation of the case ("Outside

27    Consultant(s)"), to the extent reasonably necessary to render

28    professional services in this action, subject to the disclosure

Heller
Ehrman LLP

5

1    requirements of Section C.

2    (d)    Vendors with whom Outside Counsel of record for the parties to this

3    litigation have contracted for purely clerical functions, such as data

4    processing vendors, copy vendors, court reporters or videographers,

5    and graphic or design services vendors retained for the purposes of

6    preparing demonstrative or other exhibits for deposition, trial or

7    other court proceedings in this action, who agree to be bound by the

8    terms of this Protective Order by signing Exhibit A.

9    (e)    The current and/or former employees of the designating party

10    provided that, in the case of a former employee, the document was

11    created prior to that former employee's termination or resignation

12    from the designating party.

13    (f)    Mock jurors and jury consultants who have been engaged by the

14    parties and/or the consultants in preparation for trial.  For any jury

15    research, an appropriate screening process must be used to assure

16    that the jury consultant(s) and mock jurors chosen for any mock jury

17    presentation are not current or former officers, directors, employees

18    or consultants of any party or any direct competitors of any party.

19    Each jury consultant and/or mock juror must agree in writing to be

20    bound by this Order by signing and undertaking the form of Exhibit

21    A to this Order.

22    (g)    The Court, jury, court personnel and similar personnel.

23    3.    Materials marked "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY"

24    can only be reviewed by or disclosed to the persons identified in Paragraphs (a) through

25    (g) of Section B.2 above, except that a person who reviews Designated Material marked

26    "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" shall not prosecute or prepare

27    any patent application on behalf of any party to this action relating to the disclosed

28    technology from the time of receipt of such information through and including two (2)

Heller
Ehrman LLP

6

years following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.  In addition, any such person shall not have any substantive involvement in the prosecution of any such application filed, or claiming priority from any such application filed, prior to two (2) years following the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

4.    Each person to whom any Designated Material may be disclosed pursuant to the provisions of this Protective Order shall, prior to the time such Designated Materials is disclosed to him or her, be provided with a copy of this Protective Order and, other than Outside Counsel and their staff, shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby.  This certificate shall be in the form attached as Exhibit A hereto. Outside Counsel who makes any disclosure of another party's or third party's Designated Material shall retain each original executed certificate and, upon written request, shall provide copies of same to all Outside Counsel and the relevant designating third party at the termination of this action, whether by final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

5.    All Designated Material and information covered by this Protective Order shall be kept secure, and access shall be permitted only by those individuals indicated under Section B, *supra*.

6.    All counsel for the parties who have access to information or material designated as Designated Material under this Protective order acknowledge they are bound by this Order and submit to the jurisdiction of the Court for purposes of enforcing this Order.

**C.    Access By Outside Consultants.**

1.    If any party wishes to disclose information or materials designated under this Protective Order as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL" to any Outside Consultant, it must, prior to disclosure of such

Heller
Ehrman LLP

7

Designated Material, first identify that individual to Outside Counsel for the Designating Party, who shall have seven (7) business days from receipt of such notice to object in writing to such disclosure to any individual so identified. Failure to object within seven (7) business days to a person proposed shall be deemed approval, but shall not preclude a Designating Party from objecting to continued access of designated material by the person where facts suggesting that basis for objection are subsequently learned by the party or its counsel. Such identification shall include: (1) a copy of the executed Certification in the form attached as Exhibit A hereto; (2) a current curriculum vitae; and (3) a written notice providing (a) his/her business address, business title, and business or profession; (b) any previous or current professional relationship with any of the parties; (c) a statement that he/she does not anticipate becoming an employee of any of the parties in the near future; (d) a list of other cases in which the he/she has testified (at deposition, hearing or trial) within the past five (5) years, which shall identify the parties and their respective law firms, his/her client and a general statement of the work he/she performed; and, (e) a list of all companies with which he/she has consulted or by which he/she has been employed in the field within the past five (5) years, which shall identify his/her client and a general statement of the work he/she performed. If at any time after an Outside Consultant executes the Certification in the form attached as Exhibit A and during the pendency of this action the Outside Consultant becomes employed by a competitor of the current parties to this action, or is retained to render services to any person or entity the Outside Consultant understands to be a competitor of the current parties to this action, the Outside Consultant shall promptly inform Outside Counsel, as defined in Section B.1.(c). The parties shall attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld. If the objections cannot be resolved, the objecting party may move, within seven (7) business days following its objection, for a protective order preventing disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL" materials to the individual. In the event that such a motion is made, the party seeking to

Heller
Ehrman LLP

8

prohibit disclosure shall bear the burden of proving that the disclosure is inappropriate. Prior to the resolution of any such objection, an opposing party's Designated Material shall not be disclosed to person(s) so designated.  Without modifying any obligations under the Federal Rules of Civil Procedure, the parties shall not have any obligation under this Protective Order to identify which materials are provided to Outside Consultants.  Neither party seeking to have a consultant shall disclose any information designated as Designated Material to the proposed consultant until: (1) after objections to the proposed disclosure have been resolved by the parties in writing or by court order, or (2) if no objections have been made, during the seven (7) business day period to object. Outside Counsel who makes any disclosure of Designated Material shall also retain each original executed certificate and, upon written request, shall circulate copies to all Outside Counsel and the relevant designating third party at the termination of this action, whether by final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

**D.    Use Of Designated Materials.**

1.    Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**E.    Procedure For Designating Material.**

1.    Documents, materials and discovery responses, in whole or in part, may be designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL" as follows:

2.    The producing party shall designate materials by placing the legend "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL" on each page of the materials prior to its production or notifying all parties in writing of such

Heller
Ehrman LLP

9

designation(s) at the time of its production or disclosure.

3.    When a Designating Party wishes to designate as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL" materials produced or disclosed by a third party, such designation shall be made as follows:

    (a)    Within twenty-five (25) days from the date the party receives copies of the material; and

    (b)    By written notice to all parties to this action identifying the material to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material) under this Protective Order.

4.    Upon notice of designation, all persons receiving notice of the Designated Material shall:

    (a)    Make no further disclosure of such Designated Material, except as allowed in this Protective Order;

    (b)    Take reasonable steps to notify any persons known to have possession of or access to such Designated Material of the effect of such designation under this Protective Order; and

    (c)    Take reasonable steps to reclaim or prevent access to such Designated Material in the possession or control of any person not permitted to have access under the terms of this Protective Order.

**F.    Procedure For Designating Depositions.**

1.    Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL" by a party during deposition testimony or at the completion of said deposition, on the record, taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL." The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

Heller
Ehrman LLP

2.      Where testimony is designated at a deposition as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL," the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

3.      Alternatively, any disclosing party may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material.  If any disclosing party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the 30-day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL."  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation without further order of the Court.  Deposition transcripts and exhibits shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" during the 30-day period.

**G.    Copies.**

1.      All complete or partial copies of Designated Material shall also be deemed subject to the terms of this Protective Order.  No copies of Designated Material shall be made by the receiving party except as is reasonably necessary for their own use, which copies shall contain the same legending, and which shall be subject to the same restrictions as the documents originally produced.

**H.    Court Procedures / Filing Under Seal.**

1.      Disclosure of Designated Material to Court Officials.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee

Heller
Ehrman LLP

appointed by the Court), the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

2.    Filing Designated Material with the Court.  Designated Material that is filed with the Court for any purpose shall be filed in accordance with Civil L.R. 79-5 in a sealed envelope and shall not be disclosed to the clerk or any other person except as required by California local rules and administrative policies and procedures or upon further order of this Court.  Marked on the outside of the sealed envelope shall be the title of the action, and identification of the document or thing within as required by Civil L.R. 3-4(a) and (b), and a statement prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL".

3.    Failure to File Under Seal.  If any party fails to file Designated Material under seal, the designating party or any party to this action may request that the Court place the Designated Material under seal within twenty (20) days of the filing of said Designated Material.

4.    Use of Designated Materials in Open Court.  Prior to a party using Designated Material in open court, the party shall advise the Court of its intent to present or quote from Designated Material and seek an order or ruling from the Court as to proscriptions related thereto unless the parties reach agreement regarding same.

**I.    Objections.**

1.    A party may challenge the propriety of any designation under this Protective Order at any time.  A challenge may be made by serving on all other parties to this action and any third party if the challenge is to its Designated Material, a captioned notice of objection, which shall identify with particularity the Designated Material as to which the designation is challenged and state the legal and factual grounds for each challenge ("Notice of Objection").

2.    On, but not before, the thirtieth (30th) day after service of a Notice of Objection, the challenged material shall be deemed re-designated unless the designating party has served a response to the Notice of Objection setting forth the legal and factual

Heller
Ehrman LLP

grounds upon which the designating party bases its position that the material should maintain the original designation or for designating the material otherwise. In the event of a motion to change the designation, the material at issue may be submitted to the Court for in camera inspection. It shall be the burden of the designating party under such circumstances to establish that the information so designated is properly designated "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL" within the meaning of this Protective Order. Upon the timely filing of such a motion, the original designation shall remain effective until ten (10) days after service of notice of entry of an order re-designating the material and during the pendency of any writ petition filed within the ten-day period.

3. The parties shall meet and confer in good faith prior to the filing of any motion under this section.

**J.    Client Communication.**

1. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any Designated Material, except as permitted by this Protective Order.

**K.    No Prejudice.**

1. This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

2. The failure to object to a designation of information as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY" or "CONFIDENTIAL" does not constitute an admission that such information is not protected as a trade secret or that the information is not protected by the laws of the United States and/or any State.

3. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any

Heller
Ehrman LLP

[PROPOSED] STIPULATED PROTECTIVE ORDER: Case No. CV 08-00979-MHP

1    purpose during any proceeding on the merits of this action.

2          4.    If any person required to produce documents inadvertently produces any

3    Designated Material without marking it with the appropriate legend, the producing party

4    may give written notice to the receiving party or parties, including appropriately stamped

5    copies of the Designated Material, that the document, things, or response is deemed

6    Designated Material and should be treated as such in accordance with the provisions of

7    this Protective Order.

8          5.    Inspection or production of documents (including physical objects) shall

9    not constitute a waiver of the attorney-client privilege or work product immunity or any

10   other applicable privilege if, as soon as reasonably possible after the producing party

11   becomes aware of any inadvertent or unintentional disclosure, the producing party

12   designates any such documents as within the attorney-client privilege or work product

13   immunity or any other applicable privilege and requests return of those documents

14   (including physical objects) to the producing party.  Upon request by the producing party,

15   the receiving party shall return all copies of inadvertently produced documents within

16   five (5) business days of the request.  In no case will the return of requested documents

17   be delayed or refused by reason of a party's objection to said designation or by the filing

18   of a motion to compel, nor may such motion assert as a ground for production the fact of

19   the inadvertent production.  Nothing herein shall prevent the receiving party from

20   challenging the propriety of the attorney-client privilege or work product immunity or

21   other applicable privilege designation by submitting a written challenge to the Court,

22   after returning all copies of the inadvertently-produced documents.

23         6.    If any receiving party receives any information, material, and/or discovery

24   response which it reasonably believes was inadvertently produced without legending, it

25   shall promptly advise the producing party.  The producing party shall have ten (10)

26   calendar days from its receipt of such notice by which to legend all or some of said

27   information, materials and/or discovery responses.  During this ten (10) day period

28   counsel for said receiving party shall treat said information, materials and/or discovery

Heller
Ehrman LLP

[PROPOSED] STIPULATED PROTECTIVE ORDER: Case No.  CV 08-00979-MHP

1  responses as if designated "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY."

2       7.    The restrictions as to use or dissemination of information or materials, set

3  forth in any of the preceding paragraphs, shall not apply as to:

4       (a)   any information which at the time of the designation under this

5            Protective Order is generally available to the public;

6       (b)   any information which after designation under this Protective Order

7            becomes available to the public through no act, or failure to act,

8            attributable to the receiving party or its counsel;

9       (c)   any information which the receiving party, its counsel, or any

10           recipient of Designated Material under this Protective Order can

11           show as a matter of written record was already known to the

12           receiving party through means other than misappropriation as

13           defined by applicable law.

14  **L.    Modification and Survival.**

15       1.    Modification; Addition of Parties to this Stipulation.

16       (a)   All parties reserve the right to seek modification of this Protective

17            Order at any time for good cause.  The parties agree to meet and

18            confer prior to seeking to modify this protective order for any

19            reason.  The restrictions imposed by this Protective Order may only

20            be modified or terminated by written stipulation of all parties or by

21            order of this Court.

22       (b)   Additional parties and disclosing third parties subsequent to the

23            entry of this protective order may designate materials and

24            information hereunder and be bound by all the terms and conditions

25            stated herein by executing a written agreement thereto.

26  **M.    No Contract.**

27       1.    This stipulation is for the Court's consideration and approval as an Order.

28  This Order shall not be construed to create a contract between the parties or between the

Heller
Ehrman LLP

[PROPOSED] STIPULATED PROTECTIVE ORDER: Case No.  CV 08-00979-MHP

1  parties and their respective counsel.

2  **N.      Retention of Jurisdiction by the Court.**

3       1.     The Court retains jurisdiction to make such amendments, modifications,

4  and additions to this Protective Order as it may from time to time deem appropriate.  This

5  Order shall be without prejudice to any party to this action or any disclosing third party to

6  bring before the Court at any time a question of whether any particular information is or

7  is not Designated Material; upon such hearing the person asserting the Designated

8  Material shall have the burden of establishing the same.

9  **O.      Subpoenas.**

10       1.     In the event any person or party having possession, custody or control of

11  any Designated Material or material such person or party deems Designated Material

12  under this Protective Order receives a subpoena or other process or order to produce such

13  information in another proceeding, such person or party shall promptly notify in writing

14  the attorneys of record of the party, non-party or person claiming such confidential

15  treatment of the documents sought by such subpoena or other process or order, shall

16  furnish those attorneys of record with a copy of said subpoena or other process or order,

17  and shall cooperate with respect to any procedure sought to be pursued by the party or

18  non-party whose interests may be affected (without waiver of the attorney-client

19  privilege, work product immunity or any other claim of privilege or immunity).  The

20  party or non-party asserting the designation of material or information hereunder shall

21  have the burden of defending against such subpoena, process or order.  The person or

22  party receiving the subpoena or other process or order shall be entitled to comply with it

23  except to the extent the party or non-party asserting confidential treatment is successful in

24  obtaining an order modifying or quashing it.

25  **P.      Final Disposition.**

26       1.     Within 90 days of the final disposition of the subject of this litigation,

27  whether it be pursuant to a final non-appealable judgment or order or the complete

28  settlement of all claims against all parties in this action, each party to this action and any

disclosing third party at its own option shall either:

      (a)    request the return of its Designated Material, which shall be returned by the receiving party within 30 days of such request; or

      (b)    request the destruction of its Designated Material by the receiving party, which destruction shall occur within 30 days of such request. The party to this action or disclosing third party lodging or filing the Designated Material shall be responsible for retrieving such Designated Material from the Court following a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.

    2.    Notwithstanding the provisions for return or destruction of Designated Material, Outside Counsel may retain pleadings, attorney and consultant work product, one archival copy of deposition transcripts and exhibits containing Designated Material, Court exhibits and transcripts containing Designated Material, and documents and information included in submissions to the Court containing Designated Material, except that no Outside Counsel who prosecutes the receiving parties' patents shall maintain any material containing information designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY."

    Dated this 30th day of May, 2008.

| | |
|---|---|
| s/ Alan H. Blankenheimer | s/ Robert M. Manley (with consent) |
| Alan H. Blankenheimer | Charles M. Kagay |
| Laura E. Underwood-Muschamp | SPEIGEL LIAO & KAGAY, LLP |
| Jo Dale Carothers | |
| Christopher K. Eppich | Douglas A. Cawley |
| HELLER EHRMAN LLP | Robert M. Manley |
| | MCKOOL SMITH PC |
| Attorneys for Plaintiff | |
| MAXIM INTEGRATED PRODUCTS, INC. | Attorneys for Defendant |
| | FREESCALE SEMICONDUCTOR, INC. |

Heller
Ehrman LLP

1

## **ORDER**

2        Based upon the foregoing stipulation of the parties hereto, it is hereby ORDERED

3   that information and documents produced, exchanged and otherwise disclosed in

4   connection with this cause shall be subject to the provisions of the foregoing stipulation.

5

6   DATED this  2nd  day of  June_____, 2008.

7

8   _____

9   Honorable Marilyn H. Patel
    United States District

10

11

12

13



14

15

16

17

18

19

20

21

22

23

24

25

26

27

Heller
Ehrman LLP

28

# EXHIBIT A

## CERTIFICATION CONCERNING
## MATERIAL COVERED BY PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order entered in the Northern District of California in the case entitled *Maxim Integrated Products, Inc. v. Freescale Semiconductor, Inc.*, Case No. CV-08-00979-MHP (N.D. Cal.).

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Material to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name or Individual: _____

Company or Firm Name: _____

Address: _____

Telephone No.: _____


Dated: _____        Signature: _____

Heller
Ehrman LLP

[PROPOSED] STIPULATED PROTECTIVE ORDER: Case No. CV 08-00979-MHP

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/EFC System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

CHARLES M. KAGAY
cmk@slksf.com

DOUGLAS A. CAWLEY
dcawley@mckoolsmith.com

ROBERT M. MANLEY
rmanley@mckoolsmith.com

STEVEN POLLINGER
spollinger@mckoolsmith.com

                                        s/ Kristina V. Grauer

[PROPOSED] STIPULATED PROTECTIVE ORDER: Case No.  CV 08-00979-MHP

Heller
Ehrman LLP

**ORDER APPROVING AND MODIFYING STIPULATED PROTECTIVE ORDER**

**IN C 08-0979 MHP** *Maxim Integrated Products Inc -v- Freescale Semiconductor Inc et al*

The above (attached) stipulation re confidentiality is approved except as follows:

1)    Counsel shall narrowly tailor the documents, materials or papers that come within this order

2)    As applied to documents, materials or papers filed with the court, this order shall be used sparingly to cover only those items that are clearly trade secret, come within clearly defined areas of privileges accepted in the federal courts, or have a compelling need for confidentiality.

3)    Documents, material or papers submitted as exhibits to or in support of motions or for pretrial, trial or other court proceedings shall not be filed under seal except by order the court.  The parties are reminded that the federal courts are public fora and matters to be heard by the court are conducted publicly.  Furthermore, documents, materials or other papers submitted as exhibits will remain as part of the court record and may not be withdrawn without order of the court.

4)    Under no circumstances shall memoranda or pleadings required to be filed with the court pursuant to the Federal Rules of Civil Procedure or the Civil Local Rules of this District be filed under seal.

**IT IS SO ORDERED.**

Dated:  June 2, 2008    _____

Marilyn Hall Patel
United States District Court Judge